The opinion of the Court was delivered by
Mr. Justice Cheves.
As between individuals a possession of five years gives a title, under our act of limitations, to land; in England a possession of 20 years *424 gives a like title. There, borrowing the period probably by analogy from the statute where the possession is not of such a nature as to come within the provisions of the statute, the law presumes an interest in lands to have been held under a grant, where the enjoyment has been of 20 years duration. Grants have also been presumed against the crown within the time of memory ; but the cases are few where the crown has been concerned, and no genéral period has yet been established. So, in this state, a grant has been presumed against the state after a possession of 47 years, but no period has been fixed. The English law may be considered as óur law on the subject where the state is not a party, and I know no good reason, excépt the principle óf nullum tempús, which distinguishes a case between individuals from a case between a citizen and the state. That principle has ceased to be a Barrier, except as to the direct opération of the act of limitations, and I therefore think that a grant from the state ought to be presumed after a possession or enjoyment for 20 years. I know no other period more proper iri point of duration, nor any other which can be deduced by analogy, which will not either be longer than the period within which grants have been presumed, or too short, as would be the period established by our statute of limitations. This rule of presumption is a safe one, as it is only appliéd where the possession is rightful, to invest that possession *425 with a legal title; nor is it necessary that there should be evidence to impress belief on the mind to authorize this presumption. (Phillips on Evid. 119, 120, 121.) “It has been said,” says Lord Chancellor Erskine, with great felicity of expression, “you cannot presume unless you believe. It is because there are no means of creating belief or disbelief, that such general presumptions are raised upon subjects of which there is no record or written muniment. Therefore, upon the weakness and infirmity of all human tribunals, judging of matters of antiquity instead of belief (which must be the foundation of the judgment on a recent transaction,) where the circumstances are incapable of forming any thing like belief, the legal presumption holds the place of particular and individual belief, which can hold only as to matters within our own time, upon which a conclusion can be formed from particular and individual knowledge.” (12 Ves. 266, 267.) These presumptions are not to be capriciously established without any evidence, but a long rightful possession is alone sufficient to authorize the presumption that such a possession was founded on a legal right. In this case there are very strong circumstances besides that possession, to authorize the presumption the Jury have drawn. The grant to Turner was obtained as soon as the land office was opened after the war of the revolution. Near this land there had been an old settlement, which probably preceded *426 the revolution. The line, which could not have been that of Turner’s grant, must, if not Turner’s southern line, have been a boundary of some other legal survey, connected probably with the grant of Buddings old field. This line is south of Buddin’s old field, and, supposing it to have been the southern line of that grant, which may have included Buddirís old field, a parallel northern line must have existed beyond the land in question, whose northern limit is south of the northern limit of Buddies old field. Thus, then, were it necessary to support the long possession of the defendant by additional evidence, it is found, and of a very satisfactory nature, in the case. It has been argued, however, on the part of the plaintiff that the facts of this case repel the presumption of a grant. The only fact relied upon is, that neither of the grants under which the defendant claims includes the land in controversy. Granted. But does it follow that another grant may not have existed ? If the presumption contended for were, that the disputed land was granted by either of those grants, there would have been some foundation for this argument,; but the presumption on which the Jury went is, that another grant covered the land in question. There is, then, no repugnancy between the presumption and the evidence; but laying all general reasoning out of the question, the point on which I rest my opinion in this case is, that the possession of the defendant, and those under *427 whom he claimed for 30 years, under all the circumstances, authorized the Jury to presume a grant. I am therefore of opinion, a new trial ought not to be granted.
Colcock, Grimhé, JVott, Johnson, and Gantt, J. concurred.